Kent E Hovind
06452-017
Berlin Federal Prison Camp
PO BOX 9000
Berlin, NH 03570

2/19/2014

Re: New Complaint for Filing

Dear Clerk of the Court:

    Please file the attached complaint and send me a case number so that I can mail the court a check for the filing fee once I have the case number to place on the check. The two defendants in the case are:

1. The RationalWiki Foundation
   122 Girard Boulevard
   Albuquerque, NM 87106

2. John doe Author - will obtain their address through discovery

    Thank you for your assistance.

                                              Respectfully,

                                              Kent E Hovind

  ps: please return to the plaintiff a file
      stamped copy of the first page of this
      complaint in the self addressed stamped
      envelope

Filed 0224'14 USDcFln 3PM 0251

UNITED STATES DISTRICT COURT FOR THE
FOR THE NORTHERN DISTRICT OF FLORIDA

Kent E Hovind
plaintiff

v.

Case No. 3:14CV00094/RV-CJK

The RationalWiki Foundation, et al
defendants

Complaint For Libel, Libel Per Se, And Injurious Falsehood

1. At all times in this complaint Kent E Hovind, plaintiff, was a resident of the county of Escambia in the state of Florida.

2. The defendants in this complaint, The RationalWiki Foundation and john doe author, are residents of the states of New Mexico and other western states, and are not residents of the state of Florida.

3. Based upon the complete diversity of the parties and the amount in controversy exceeding $75,000.00 this court has jurisdiction pursuant to 28 USC 1332(a).

4. On February 8th, 2014, the defendants published false and defamatory statements on the RationalWiki internet site alleging that the plaintiff had filed fraudulent liens on property the US goverment seized to pay his tax debts , and of being a "convicted tax fraudster".

5. Fraud and Conspiring to Commit Fraud is a crime in Florida ,where libel per se, libel, and injurious falsehood require a person to establish that (1) the statements were published;(2) falsity;(3) the actor acted with knowledge or reckless disregard as to the falsity of matters concerning a public official, or at least negligently concerning a private person;(4)damages;(5) a defamatory statement.

6. Upon entering a google search of the plaintiff's name, the false and defamatory statements can be seen in the State of Florida , as well as in the United States and internationally. The false statements are attached here as Appendix A.

7. The "fraudulent" liens that the defendants make reference to are four Lis Pendens Memorandums what were filed by supporters of the plaintiff, who is a Christian evangelist preacher with a worldwide following. The plaintiff did not file the liens referenced, and in fact could not file the liens based upon his present incarcerated status. The plaintiff did not send the liens to the court to be filed, and in fact could not have filed the liens given that such liens must be filed in person at the county Land Records office.

8. A lis pendens is a legal notice of litigation pending, and can only be filed in relation to pending litigation in a court of law whereby the person filing the lis pendens asserts a claim against the title of the real estate upon which the lis pendens has been filed.

9. In this case, the United States moved the court to discharge the four liens and for an order to show cause why Kent E Hovind shouldn't be held in contempt for



-1-

filing the liens or causing them to be filed.

10. In the judge's order responding to the United States' motion the word fraud is never mentioned. The judge's order is shown here as Appendix B. Furthermore, the court itself never made reference to the liens being fraudulent, which the court could not given that the lawsuit underlying the liens is a pending suit in the US District Court for the District of South Carolina , Case No 0:13-1177-MGL-PJG. Under the South Carolina suit filed by Kent E Hovind, the court cleared the suit suit through its initial PLRA 1915 screening, has ordered and had the US Marshall's serve the defendants, and is now going through discovery and the United States' motion to dismiss.

11. The four liens themselves were filed and recorded in the Escambia County Florida state court where the properties are located, and were not held to be fraudulent or improper by that state court.

12. The judge's order in Appendix B never calls the liens fraudulent, only holding that they were "improperly filed", and only held that the United States MAY have a basis for a contempt order, while ultimately denying the government's request to hold the plaintiff in contempt.

12. In Appendix C the plaintiff responds to the United States' motion and makes clear that he was never served actual or constructive notice of its 6/27/2012 order, nor was he a named defendant in that 6/27/2012 order. On 6/27/2012, the plaintiff not only was not given notice of the initial court order, he also had not been given notice that the CSE members who filed the liens were enjoined from filing additional liens on the properties at question.

13. The four lis pendens not only were not held to be fraudulent by the Escambia County Florida court which filed them, those liens are still on the title of the properties in question ,despite the order to have them lifted.

14. The statements against the plaintiff posted on RationalWiki are thus patently false, and allege an action by the plaintiff which is impossible given his current incarceration. In so posting those statements the defendants knowingly, willfully, and maliciously sought to injure the plaintiff by publishing the statements, seeking without grounds to destroy the plaintiff's well being and to further damage the plaintiff's reputation based only upon their abhorance of the plaintiff, Kent E. Hovind, the ultimate target of their campaign of smear and libel.
The plaintiff is informed and believes,and on that basis alleges, that the defendants' tortious conduct and illegal acts were done in furtherance of their malicious aim, all to the plaintiff's damage, as alleged.

15. The defendants acted with reckless disregard for the truth or falsity of their statements againts the plaintiff, and had actual knowledge that their false and malicious claims would have injurious impact upon the plaintiff's reputation.

CLAIM FOR RELIEF

16. Plaintiff re-alleges and incorporates paragraphs 1-15 as if restated in full.

17. On 2/8/2014, the defendants published the following false and defamatory statements on the RationalWiki internet site:

-2-

" Hovind is a young earth creationist and a convicted tax fraudster"

"[H]ovind has filed numerous legal claims with Matthews's help, including FRAUDULENT liens on property the US government seized for his debt"

18. The above statement is false, defamatory, and injurious because:

   a. The statement wrongfully accuses the plaintiff of committing crimes under the law of Florida , based upon him allegedly filing "fraudulent" liens on properties seized from him in the state of Florida, the liens themselves never deemed fraudulent by any court of law, and the plaintiff unable to in any instance be able to file those liens due to his current incarceration.

   b. While as a matter of fact the plaintiff didn't file the liens in question, the liens themselves have never been deemed fraudulent, the US district court only holding that they were improperly filed but never alleging that the liens themselves were fraudulent. The court's order against the standing of Kent E Hovind or his supporters to file the liens is also inconsistent where it seized the properties as forfeiture based upon his interest in them in 2006, but now claims that he has no basis upon which to assert his prior interest which the court itself previously declared. Nonetheless, the defendants allege the plaintiff's involvement in filing the liens, which is false, and the defendant's very characterization of the liens themselves is false and defamatory.

   c. The statements expose the plaintiff to contempt and are so understood by those who read the statement to have the defamatory meaning ascribed to it in this complaint, and the defendants intended the statements to be so understood by those who read the statements.

   d. The defendants failed to in any way investigate the truth or falsity of their statement before publishing them on the RationalWiki internet site.

   e. The defendants' reckless and tortious conduct also unjustly and falsely exposed the already incarcerated plaintiff to further criminal liability, all based on their animosity towards the plaintiff based on his religious and scientific beliefs, their entire RationalWiki article itself having abandoned its scientific facade and attacking the plaintiff with vile insults.

   f. As a result of the defendants' false and defamatory statements the plaintiff has experienced further loss to his reputation, as well as having been unjustly and falsely exposed to additional criminal liability for actions unrelated to him and actions not deemed fraudulent under any court of law. The defendants' actions were done with a wanton and reckless disregard for the consequences they would have on the plaintiff.

   g. The plaintiff was not convicted of "tax fraud", he was convicted of failure to pay withholding tax and structuring which are not fraud crimes under the US Code.

PRAYER

The plaintiff requests the following relief from the defendants :
A. $2,500,000.00 jointly and severally against each defendant.
B. A retraction of the false and defamatory statements .
C. Any further relief deemed just and proper by the court.

-3-

Respectfully,

Kent E Hovind  2-19-14

Kent E Hovind
06452-017
Berlin Federal Prison Camp
PO BOX 9000
Berlin, NH 03570

-4-

TRULINCS 06452017 - HOVIND, KENT E - Unit: BER-G-A

----

FROM: Groce, Ted
TO: 06452017
SUBJECT: wiki article part 1
DATE: 02/17/2014 10:51:02 PM

Kent Hovind
Jump to: navigation, search
Kent Hovind's mugshot. Creation Science is not a crime. Tax evasion, however, is.
Goddidit!

Creationism
Icon creationism alt.svg
Key claims

   Young Earth
   Old Earth
   Global flood
   Intelligent design
   Biblical literalism

Truth fish transparent.png
Science

   Fossil record
   Starlight problem
   Genetics
   Radiometric dating

Random articles

   Anglo-Saxon Chronicle
   Atheists Outline Their Global Religious Agenda
   Engineers and woo
   Evidence for God's existence
   Nils Heribert Nilsson
   Snake Carnivory Origin


Kent "Dr. Dino" Hovind is a young Earth creationist and convicted tax fraudster from Pensacola, Florida. He started and operated Creation Science Evangelism, which promoted Young Earth creationism and dominionist views through lectures and video sales. He also started and operated a small amusement park, Dinosaur Adventure Land, in the backyard of his house.

In April 2006, during the runup to Hovind's trial for tax evasion, much of the park was shut down due to Hovind's refusal to secure a building permit.[1] He was convicted on the tax evasion charges in November 2006 and is now serving a 10-year sentence. His son, Eric, now runs the Dinosaur Adventure Land and the Creation Science Evangelism, which have since both been renamed. Kent Hovind is due for release on the 11th of August 2015.[2]

Contents
 [hide]

   1 All you need to know
   2 $250,000 challenge
   3 Criminal convictions
   4 Activity in prison
      4.1 Criminal contempt
   5 Qualifications
   6 The Hovind Scale
   7 Seminars
      7.1 Copyright

Case 3:14-cv-00094-RV-CJK Document 1 Filed 02/24/14 Page 7 of 18

TRULINCS 06452017 - HOVIND, KENT E - Unit: BER-G-A
----------------------------------------------------------------------------------

8 See also
9 External links
10 Footnotes

[edit] All you need to know

Hovind promotes himself as "Dr. Dino." His Ph.D. (i) is from Patriot Bible University, a diploma mill at someone's house,[3] and (ii) is in "Christian education," a topic that has nothing to do with dinosaurs.[4] Hovind collects these meaningless degrees like kewpie dolls. As of 2013, he claims to have four doctorates, in education, theology, biblical ministry, and divinity (The last one is "honorary" and neglects to mention what diploma mill operation the "degrees" were purchased from).[5] He listed himself as "Dr." in the Pensacola phone book, which is unusual for someone with a real M.D or Ph.D.

Like any seasoned woomeister, Hovind is a true huckster and uses a salesman pitch for his videos. He sounds like an auctioneer or a used car salesman when he is attempting to make a point by getting his audience to buy a video or book. His creation seminars consist of flashy slideshows that read like a top 10 list of commonly seen (and refuted) "evidences" for creationism that contain little to no actual data or proof. These arguments are interjected with unfunny "jokes" or charming anecdotes about how he regularly stumps evolutionists with just asking questions, and topped off with a healthy serving of mined quotes.

Instead of providing evidence for his assertions, Hovind routinely uses circular reasoning supported by pseudoscience and his misinterpretation of science books. Like most creationists, his usual rhetoric consists of creating then attacking a strawman of evolution and so-called inaccuracies in historical science. And like any good creationist, he is not above and in fact enjoys spreading the false claim that Darwin caused the holocaust.

[edit] $250,000 challenge

He is well known for his "$250,000 Challenge", in which he states that he will pay $250,000 to anyone that can prove evolution. The challenge is based on a definition of "evolution" that includes the scientifically separate fields of abiogenesis and cosmology and bears only a superficial resemblance to what scientific theory actually says.

Much doubt has been raised as to whether the money exists or whether the challenge is legitimate. Hovind has offered no way to independently verify the existence of the jackpot (James Randi's diametrically opposed Million Dollar Challenge, for example, will give out information on the JREF's prize account at Goldman Sachs upon request), and he has not revealed the names of his board of selected challenge judges, making their objectivity and bona fides impossible to verify. So far, despite excellent responses, he has refused to give out the prize.

Specifically, in order to win his "evolution" challenge Hovind sets these conditions:[6]

   NOTE: When I use the word evolution, I am not referring to the minor variations found in all of the various life forms (microevolution). I am referring to the general theory of evolution which believes these five major events took place without God:

   Time, space, and matter came into existence by themselves.
   Planets and stars formed from space dust.
   Matter created life by itself.
   Early life-forms learned to reproduce themselves.
   Major changes occurred between these diverse life forms (i.e., fish changed to amphibians, amphibians changed to reptiles, and reptiles changed to birds or mammals).

Note that only #4 and #5 are actually germane to evolution to begin with; #1 is a matter of cosmology, #2 is astrophysics, and #3 is abiogenesis, a separate question in biology. Note also that Hovind phrases much of his challenge in a vaguely anthropomorphic manner, apparently implying intentional causation where science assumes none. Whether this is intentional or not is unknown, but it is certainly misleading. Note, finally, that Hovind claims that the theory of evolution posits that all of the five events took place without God; in fact, the theory makes no mention of God at all, let alone mentioning whether or not God exists, which is why many theists see evolution as compatible with their beliefs.

Eric Hovind has since discontinued the offer and no longer mentions it on any Hovind website.
[edit] Criminal convictions

On July 13 2006, Kent Hovind was arrested on 58 tax-related charges. At his first court appearance before U.S. Magistrate

TRULINCS 06452017 - HOVIND, KENT E - Unit: BER-G-A

----------------------------------------------------------------------------------------------------

Hovind has filed numerous legal claims with Matthews' help, including fraudulent liens on property the US government seized for his debt. The judge ruled Hovind had to no right to file the claims on the property and the filings were made in bad faith. The US Attorney is seeking to hold Hovind in criminal contempt and announced: "The United States Attorney's Office is ready to immediately appoint a criminal prosecutor to the case for any further action that this Court deems necessary."[30] It seems as real possibility that Hovind can be in prison for even longer for criminal contempt.

Hovind also filed a nonsensical lawsuit against the government for $25 million.[31] The lawsuit is full of irony since Hovind says the government courts do not have jurisdiction over him.

Case 3:14-cv-00094-RV-CJK Document 1 Filed 02/24/14 Page 9 of 18
Appendix B
Case 3:06-cr-00083-MCR-EMT Document 469 Filed 10/11/13 Page 1 of 3

Page 1 of 3

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      CASE NO.: 3:06cr83/MCR

KENT E. HOVIND,

    Defendant.
_____/

## ORDER

Plaintiff, United States of America, has filed joint motions for an order of discharge for four lis pendens filed in the public records of Escambia County, Florida, by the defendant, Kent E. Hovind ("Hovind"), and for an order to show cause why Hovind should not be held in contempt of court for wrongfully filing the lis pendens (doc. 465). Hovind has filed a response, claiming that the motions have no application to him, that plaintiff has no standing to bring the motions, and that the motions should be dismissed (doc. 466). The court will address plaintiff's motions separately, with individual Orders as to each motion.

This Order addresses plaintiff's motion for an order to show cause why Hovind should not be held in contempt of court for wrongfully filing four lis pendens on properties located in Escambia County, Florida. Having fully considered the matter and the parties' arguments, the court finds that the motion to show cause, though initially appearing meritorious, shall be DENIED, with leave to refile, as explained below.

On May 29, 2013, Hovind filed lis pendens on four properties (doc. 465, exh. D). Those properties and others previously were ordered forfeited to the United States by this court's Order of June 28, 2007, as partial substitutions for a $430,400.00 forfeiture judgment entered in the criminal case of *United States v. Kent Hovind*, Case No. 3:06cr83/MCR. The substitute forfeitures were reaffirmed in response to an objection filed by Hovind (Case No. 3:06cr83/MCR, doc. 325).

Case 3:14-cv-00094-RV-CJK  Document 1  Filed 02/24/14  Page 10 of 18
Case 3:06-cr-00083-MCR-EMT  Document 469  Filed 10/11/13  Page 2 of 3

Page 2 of 3

The United States is in the process of selling the properties but has been notified that they are not marketable because the lis pendens encumbers the property titles (doc. 465, exh. E). It is unquestionable that the United States of America, as owner of the forfeited properties, has standing to bring this motion.

Hovind claims that he was unaware of the order in a companion case, *United States of America v. Creation Science Evangelism, Creation Science Evangelism Foundation, 21 Cummings Road Trust, 400 Block Cummings Subdivision Trust, 5720 N. Palafox Trust, 5800 N. Palafox Trust, 29 Cummings Road Trust*, Case No. 3:12cv136/MCR/EMT, in which this court held that "labor liens" on the same forfeited properties (and others) were declared null and void *ab initio*. The court enjoined the defendants from filing new notices of liens or other claims in Escambia County, directly or through the services of others, on property forfeited to the United States (Case 3:12cv136, doc. 7). In view of Hovind's notice of and objection to forfeitures of these properties as defendant and claimant in the underlying criminal case, his claimed lack of notice to the court's subsequent order is without merit and irrelevant.

According to Hovind's notice of the lis pendens filings, sent to an IRS agent, Hovind has filed suit in a separate federal court in the District Court of South Carolina challenging his criminal conviction and sentence, with "those rights having an interest in the above properties according to the government's own findings" (doc. 465,exh. D). Hovind's explanation has no merit because he has no ownership interest, legal or equitable, in the forfeited properties. Without question, his lis pendens were wrongfully filed. However, although the United States may have a basis for a contempt of court order, it has not sufficiently described the character and purpose of such order. The United States has not indicated whether Hovind's conduct constitutes criminal or civil contempt of court[1], nor has

---

[1] The three elements of criminal contempt are (1) a lawful and reasonably specific order that (2) the defendant has violated (3) willfully. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1242 (11th Cir. 2007). For a finding of civil contempt--that is, willful disregard of the authority of the court- the evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. *Georgia Power Co. v. N.L.R.B*, 484 F.3d 1288, 1291 (11th Cir. 2007).

Page 3 of 3

it proposed an appropriate sanction as an indication. A contempt sanction is considered civil if it is remedial and for the benefit of the complainant, but it is criminal if the sanction is punitive, to vindicate the authority of the court. *Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006).

The court shall deny the pending motion, but with leave for a renewed motion containing a statement of the remedy the government seeks beyond the order to show cause.

Accordingly:

1. Plaintiff's motion for an order to Kent Hovind to show cause why he should not be held in contempt of court is DENIED.

2. Plaintiff is permitted 30 days from the date of this Order within which to file a renewed motion to show cause.

**DONE and ORDERED** this 11th day of October, 2013.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

Appendix C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

United States Of America
plaintiff

v.                     Case No 3:06-CR-00083-1-MCR

Kent E. Hovind
defendants

Defendant's Opposition To Government's Motion For Order To Show Cause And For Discharge Of Lis Pendens

Comes Now Kent E. Hovind, and files this Motion, for the following reasons:

1. The defendant was not a defendant included in the Order referenced in the order entered by this court on 6/27/2012, which permanently enjoined said named defendants from interfering with the rights of the United States of America in and to the property at issue in any manner including filing or attempting to file liens, claims, or other encumbrances in any manner whatsoever without an order from this court., in Case 3:12-CV-136/MCR/EMT.

2. The defendant was never served a copy of said 6/27/2012 order, nor the motion underlying it, thus the defendant never was provided actual or constructive notice of said motion or order concerning the permanent injunction.

3. Based on the foregoing, the above referenced motion has no application to the defendant, and is moot. Therefore, the United States has no legal standing upon which to request that the defendant be held in contempt, or that said Lis Pendens be discharged.

WHEREFORE, based on the above, the defendant prays that the court will dismiss the government's motion, and grant the defendant any further relief the court deems appropriate.

Respectfully,

Kent E. Hovind    Aug 26, 2013
# 06452-017
FPC Box 9000
Berlin, NH 03570

Certificate of Service

Kent E Hovind, defendant, hereby certifies that a true copy of this motion was mailed via first class mail, postage prepaid, to AUSA Robert Stinson, at 111 N. Adams Street, 4th Floor, Tallahassee FL 32301.

Kent E Hovind

**Legal Analysis**

To recover for slander or libel under **Florida** law, a plaintiff must establish that: 1) the defendant published a false statement; 2) about the plaintiff; 3) to a third party; and 4) the party suffered damages as a result of the publication. *See Valencia v. Citibank Int'l*, 728 So.2d 330 (Fla. 3d DCA1999). Slander or libel may be proven two ways, *per se* or *per quod*. *See Hoch v. Rissman*, 742 So.2d 451, 457 (Fla. 5th DCA1999). Slander or libel *per quod* requires an additional explanation of, or an interpretation of innuendo suggested by, the words used to demonstrate the defamatory meaning or that the plaintiff is the subject of the statement. *See Leavitt, D.O. v. Cole*, 291 F. Supp. 2d 1338, 1342 (M.D. Fla. 2003); *Ordonez v. Icon Sky Holdings LLC*, 2011 U.S. Dist. LEXIS 96939, 2011 WL 3843890, at *7 (S.D. Fla. Aug. 30, 2011) (Seitz, J.); *Piplack v. Mueller*, 97 Fla. 440, 121 So. 459 (Fla. 1929); *Hoch*, 742 So. 2d at 457. That is, defamation *per quod* requires explanation of context.

By contrast, slander or **libel *per se*** does not require any additional explanation in order to prove the defamatory nature of the statement. *See Leavitt*, 291 F. Supp. 2d at 1342; *Ordonez*, 2011 U.S. Dist. LEXIS 96939, 2011 WL 3843890, at *7. In a *per se* action, consideration is given only to the "four corners" of the publication and the language used should be interpreted as the "common mind" would normally understand it. *See Ortega Trujillo v. Banco Central Del Ecuador*, 17 F. Supp. 2d 1334, 1339 (S.D. Fla. 1998) (King, J.); *McIver*, 489 So.2d at 794. In a *per se* action, the injurious nature of the statement is apparent from the words in the statement itself and the court consequently takes notice of that fact. *See Campbell v. Jacksonville Kennel Club Inc.*, 66 So. 2d 495, 497 (Fla. 1953). The plaintiff is therefore not required to allege general damages, because the harm is readily apparent. *See id.* In *per quod* actions, the words used, given their natural and common meaning, are not inherently injurious, but rather are injurious only as a consequence of extrinsic facts, such as innuendo. *See Leavitt*, 291 F. Supp. 2d at 1342. Therefore, in *per quod* actions, the plaintiff must assert actual economic damage. *See id.*

*Per se* defamatory language may take a variety of forms. The most classic example is language that charges a person with an infamous crime or tends to subject him to hatred, distrust, ridicule, contempt, or disgrace. *See Rubin*, 271 F.3d at 1306; *Adams v. News-Journal Corp.*, 84 So. 2d 549, 551 (Fla. 1955). Additionally, language that interferes with one's profession can be *per se* defamatory. Two iterations of this latter form of *per se* defamatory language appear in **Florida** case law. One iteration finds actionable any language that "tend[s] to injure a person in [his] office, occupation, business, or employment and which in natural and proximate consequence will necessarily cause injury." *See Metropolis Co. v. Croasdell*, 145 Fla. 455, 199 So. 568, 569 (Fla. 1941); *see also Scott*, 907 So. 2d at 667; *Ordonez*, 2011 U.S. Dist. LEXIS 96939, 2011 WL 3843890 at *7. Another iteration requires language that "imputes to another conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession or office." *See, e.g., Fun Spot of Fla. v. Magical Midway of Cent. Fla., Ltd.*, 242 F. Supp. 2d 1183, 1197 (M.D. Fla. 2002); *Campbell*, 66 So. 2d at 497; *Ortega Trujillo*, 17 F. Supp. 2d at 1339; *Hoch*, 742 So. 2d at 457. Whether these two iterations are consistent with one another is perhaps subject to debate, but inconsistencies in this area of the law are nothing new:

> The law of slander and defamation is so ancient it contains numerous illogical twists and refinements stemming from ecclesiastical law, as well as the common law. Currently it is overlaid with statutory and constitutional requirements and limitations. It is confusing, unclear, illogical, and somewhat in conflict. Courts and judges frequently disagree with one another as to whether an actionable defamation has been established, as a matter of law.*Scott v. Busch*, 907 So. 2d 662, 667 (Fla. 4th DCA2005) (footnotes and citations omitted).

1ykcases                                   1

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

24394016

Here, considering Taylor's statements as the "common mind" would, *see Ortega Trujillo*, 17 F. Supp. 2d at 1339, the Court finds that the Complaint fails to state a claim for defamation *per se*. Taylor, through her text message and statements to third parties, unambiguously conveyed the impression that Scobie was interviewing for employment with Star Creations's business competitors. But the Complaint does not allege that any of the statements were made to anyone at Star Creations with the authority to discipline or fire him, or even that any such persons may have heard or learned about the allegedly defamatory statements secondhand. Plainly, the fact that Taylor made representations to attendees of the Atlanta trade show and a single coworker would not necessarily tend to injure Scobie in his current employment.

Moreover, the fact that Scobie was purportedly interviewing for a new job does not impute to him "conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession or office." *See Fun Spot of Fla.*, 242 F. Supp. 2d at 1197. Rather, it simply conveys the impression that he may have wished to change jobs. In fact, Scobie must have changed jobs at least once previously, because the Complaint alleges that he has been in the wall décor industry for fifteen years, but has only worked for Star Creations for six years. Compl. ¶¶ 4-5. In addition, there are no allegations that Scobie was under an employment contract with Star Creations for a specific and definite term, and so the Court must presume that his employment was at-will. *Linafelt v. Bev, Inc.*, 662 So. 2d 986 (Fla 1st DCA1995). As such, Scobie was free to stop working for the company for any reason, at any time. *See Demers v. Adams Homes of Nw. Fla., Inc.*, 2007 U.S. Dist. LEXIS 82797, 2007 WL 3333440, at *5 (M.D. Fla. Nov. 7, 2007) ("**Florida** is an 'at-will employment' State, which means that employment relationships are generally terminable at will by either party."). He was also free to seek employment elsewhere. A person may have legitimate and acceptable reasons for interviewing with a competing firm, and doing so is not *per se* inconsistent with the proper performance of his current job duties.

Courts have found statements defamatory *per se* in this context where, for example: the plaintiff was accused of being drunk on the job and that accusation was repeated to his manager and other employees, *see Glynn v. City of Kissimmee*, 383 So. 2d 774, 775-76 (Fla. 5th DCA1980); patients were told that a doctor's work quality was poor and that his procedures required subsequent corrective work, which impugned the doctor's professional competence and fitness as a surgeon, *see Leavitt*, 291 F. Supp. 2d at 1345-46; a former supervisor told a prospective employer that an interviewee was "bad news," that she was prone to file frivolous sexual harassment charges, and that "you don't want her in your company," all of which suggested conduct incompatible with the proper exercise of her employment duties, *see Thompson v. Orange Lake Country Club, Inc.*, 224 F. Supp. 2d 1368, 1381 (M.D. Fla. 2002); a lawyer stated that "if you wanted to influence Judge Hoch, you should send men in tight shorts before him," thereby suggesting that the judge's official duties could be improperly influenced and imputing to him conduct or a condition incompatible with the proper exercise of his judgeship, *see Hoch*, 742 So. 2d at 457. In all of the above cases, the *per se* defamatory statements imputed conduct to the plaintiffs incompatible with the essential functions of their respective jobs. By contrast, the conduct suggested of Scobie - that he was interviewing with competitors of Star Creations - does not impute to him a characteristic inconsistent with his duties as a framed art and wall décor salesman. Thus, there can be no claim for defamation *per se* under the facts alleged.

While Taylor's statements *might*, under some set of facts, conceivably cause injury to his employment with Star Creations, the statements are not injurious in and of themselves and, hence, not defamatory *per se*. To gauge whether the statements are defamatory, the Court would have to look outside the four corners of the statements to evaluate all the surrounding facts and circumstances. When context is considered and "extrinsic facts and innuendo are needed to prove

1ykcases 2

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

24394016

the defamatory nature of the words," the statements are not defamatory *per se*. *See Carlson v. WPLG/TV-10, Post-Newsweek Stations of Fla.*, 956 F. Supp. 994, 1006 (S.D. Fla. 1996) (Ungara, J.). If Scobie wishes to attempt to raise defamation *per quod* claims, assuming he can allege the requisite facts and damages in support, the Court will allow him to amend.

1ykcases                                    3

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

24394016

Under **Florida** law, in order to establish a cause of action for defamation, a plaintiff must show (1) publication; (2) falsity; (3) the actor acted with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement is defamatory. *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla.2008). As the moving parties, the burden is on Plaintiffs to establish each of these required elements. Because Plaintiffs have not clearly established that Baldiri, or any other Defendant, made the statements contained in the third-party web posts, Plaintiffs have not established that Defendants published the statements, a required element of their claim. Consequently, Plaintiffs' motion must be denied.

The first three statements that are the basis of Plaintiffs' motion were made in a November 26, 2010 web press release on a website not controlled by Defendants. *See* DE-138-34. The last statement was posted January 3, 2011 on a website that also was not controlled by Defendants. *See* DE-138-33. Thus, neither of the postings were directly made by any of the Defendants. The first element that Plaintiffs must establish is that Defendants made the statements to a third party. Plaintiffs have not presented evidence establishing this element.

While Plaintiffs rely on the testimony of Andrea Ramirez, an employee of Icaro, in which she said that none of the articles distorted what Baldiri had said during interviews, DE-138-37 at 74:1-8, there is no evidence that she was talking about these four particular statements. A review of the transcript indicates that Ramirez was never asked about any of the specific statements that are the basis of Plaintiffs' motion and could not remember many of the statements allegedly made by Baldiri to the media. Ramirez testified as follows:

> Q. Do you recall reading any press article containing allegations that Mr. De Iraola may have stolen money?A. No.Q. Instead of stolen articles, alleging that he may have pocketed money from Daddy Yankee, or money that he owed to Daddy Yankee?* * *A. No.DE-138-37 at 74:17-21. While Defendants admit making the statements contained in their own press releases, Defendants have not admitted making the four statements that are the subject of Plaintiffs' motion for summary judgment. Thus, Plaintiffs have failed to establish that Defendants published these statements.

A claim for injurious falsehood also requires proof of publication to a third party. *See Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 388 (Fla. 4th DCA1999) (stating that publication or communication to third persons is an element of an injurious falsehood claim). Plaintiffs' motion also seeks summary judgment on their injurious falsehood claim based on statement 4, above. Because Plaintiffs have failed to establish that Defendants published the statement, Plaintiffs are not entitled to summary judgment on their injurious falsehood claim. Consequently, Plaintiffs' motion for summary judgment is denied on Plaintiffs' defamation and injurious falsehood claims.

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

TRULINCS 06452017 - HOVIND, KENT E - Unit: BER-G-A

---

Judge Miles Davis, Hovind said "I still don t understand what I m being charged for and who is charging me".[7] Whether this was a disguised early attempt at a plea of insanity or an honest question is unknown.

Hovind was found guilty, and is currently serving a 10-year jail sentence for the 58 tax-related charges. He is known to be a fan of numerous anti-government conspiracy theories and has also shown strong indications of being a supporter of anti-Semitism. [8] He generated a fair amount of confusion and giggling when, at his arraignment, he attempted to enter a plea of "subornation of false muster", apparently an obsolete military term meaning "being ordered to say you showed up at roll call when you weren't actually there". No one knew what the hell he was talking about, and many brains were permanently warped trying to figure it out.[9] Needless to say, Hovind and his wife were soon convicted and sentenced. While a significant number of evangelical supporters claim that he is being persecuted as part of a government cover-up and want him set free, it looks highly unlikely. Some have even started petitions.[10] The Supreme Court rejected his final appeal in January 2010.[11]
[edit] Activity in prison

Hovind still blogs from his cell by way of written notes carried by family and supporters, and has taken to writing self-aggrandizing "knee-mail" dialogues between himself and God. Independent observers have noted that his writing had started to look rather unhinged as of December 2007. This tends to ignore the fact that he was already unhinged before he went to jail, believing as he does that the US government and the New World Order were behind such terrorist attacks as the Oklahoma City bombing and the demolition of the World Trade Center. The federal government submitted jail phone calls between Kent Hovind and his wife Jo and son Eric to a federal judge to show Hovind refused to accept responsibility for his crimes. The calls are available online.[12]

Hovind's writings, including wacky conspiracy legal filings, now appear on a website named www.2peter3.com after a New Testament chapter that describes how all those darned "scoffers" are going to get their comeuppance. The website is run by Paul Hansen, whom the WorldNetDaily described as "an attorney advising Hovind"[13]. Hansen is not a lawyer, does not have a law degree, and in 2013 the Nebraska Supreme Court issued an injunction preventing Hansen from "engaging in the unauthorized practice of law in any manner, including but not limited to holding himself out to another as being entitled to practice law as defined by § 3-1001" after an investigation of Hansen's blogs and legal "kits".[14] Hovind's blog asks supporters to send their donations to Hansen and calls him "a law-educated, layman."[15] Previously, Hansen made news for stealing from a disabled person and being sentenced to jail for refusing to address numerous housing code violations on his rental properties. [16] Hansen doesn't pay taxes[17], doesn't have a driver's license, and despite acknowledging being a "native-born of the Land of Nebraska" and living in Omaha, claims he's not an American and doesn't have to obey federal or state law.[18][19]

For people not interested in getting a driver's license, license plate, obeying public health codes or being an honorable citizen to pay taxes for public roads, prisons or fire departments, Hansen sells "briefs" on his website.[20] But anyone interested in such advice show know Hansen has two warrants for his arrest by the Omaha Police Department for failing to appear in court[21] as well as tax liens for more than $30,000.[22] A typical example of Hansen's work for Hovind is a 2011 letter to the Florida Attorney General that tells the government Hovind is a "free inhabitant" per the Articles of Confederation and the government "must accept the Articles of Confederation"[23] Yes, you read that correctly: Hansen bases his argument for overturning Hovind's felon convictions on a system of governance that dissolved itself in 1789. Thus, Hovind's source for legal advice is on par with his sources for information on science.

Just how bad are Kent Hovind's recent legal ramblings, filed with Hansen's help? Eric Hovind gets them removed from creationist websites.[24]

Kent is scheduled for release on August 11, 2015[25], but only if he keeps his nose clean of trouble.
[edit] Criminal contempt

Hovind's life demonstrates the dangers of believing something that is baseless and seeking any opinion that justifies those beliefs. This has led him to believe in New World Order conspiracies to dismiss evolution[26] and listen to cranks who cheat at taxes.[27] Since Hovind is as stubborn as he is crazy and refuses to accept reality, it is not surprising that as Hovind continues to defend his delusions with fraud and fraudulent claims. As a result, he is still getting in trouble while locked in a prison cell.

In 2013, Hovind wrote that in April "God sent" Alex Matthews "from Washington DC to live right in my room on the top bunk" and Matthews started helping Hovind file lawsuits and make court filings against the government.[28] According to a US Department of Justice release, in 2011 Alexander Otis Matthews pled guilty and was sentenced "to 10 years in prison in connection with mortgage and investment schemes to obtain more than $12 million in fraudulent loans".[29] Matthews defrauded numerous people out of money using false information and moved the money into shell businesses. Like Hovind, he has been fined and order to pay restitution.

⇔06452-017⇔
Kent Hovind Sr.
Berlin Federal Prison Camp
PO Box 9000
Berlin, NH 03570
United States

⇔06452-017⇔
Court Clerk
1 N. Palafox PL
Federal Courthouse
Pensacola, FL 32502
United States

