UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENT E. HOVIND,

    Plaintiff,

v.                                                           Case No. 3:14cv94/RV/CJK

THE RATIONALWIKI FOUNDATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On April 13, 2015, the undersigned entered an order providing for service of plaintiff's complaint and directing plaintiff to provide to the court, within fourteen days, the name and address of the officer, managing or general agent, or other agent authorized to receive service of process on behalf of the defendant (doc. 12). After more than fourteen days passed and plaintiff failed to comply with the court's order, the undersigned entered an order directing plaintiff to show cause within fourteen days why the case should not be dismissed for failure to prosecute and/or failure to comply with an order of the court (doc. 13). When plaintiff again failed to timely respond, the undersigned entered another order noting the docket reflected that plaintiff had recently changed addresses and directing the clerk of court to mail to plaintiff, at his current address, copies of the court's April 13, 2015 and April 30, 2015 orders (doc. 15). The undersigned allowed plaintiff an additional fourteen days

in which to provide the information requested in the April 13, 2015 order or otherwise show cause why the matter should not be dismissed and advised plaintiff that failure to comply with the order would result in a recommendation that the matter be dismissed for failure to prosecute and/or failure to comply with an order of the court. Once again, plaintiff failed to respond.

The clerk's office conducted an inquiry in an effort to locate plaintiff and found that plaintiff was released from federal custody on August 7, 2015 with no forwarding address. Despite the fact that more than three months have passed since plaintiff was released from custody, plaintiff has not contacted the court or provided a current mailing address. Based on the court's inability to contact plaintiff and the lack of an address at which defendant could do the same, service of the complaint would be futile.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's complaint (doc. 1) be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to prosecute and failure to keep the court apprised of his mailing address, so that this matter might proceed in an orderly fashion.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 18th day of November, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**